## EVIDENCE AS TO ERRONEOUS COMMITMENT.

[Circuit Court of Muskingum County.]

HENRY C. LILLIBRIDGE v. OHIO, EX REL STEWART.

Decided, October 28, 1905.

*Habeas Corpus—Error Proceedings—Evidence Aliunde the Record—Jurisdiction—Irregularly or Erroneously Exercised—Criminal Law.*

1. The rule that evidence may be heard *de hors* the record, applies only to evidence relating to the jurisdiction of the court, and to the extent of establishing such jurisdiction.

2. If the court having jurisdiction of a cause proceeds in an irregular or erroneous manner, the remedy is not in habeas corpus but in the prosecution of error; and in such a case the record imports absolute verity until it is corrected in a proper proceeding for that purpose.

DONAHUE, J.; McCARTY, J.; and TAGGART, J., concur.

The case of Lillibridge v. Ohio, ex Stewart, is a proceeding in error growing out of an action in habeas corpus, brought by the relator to recover his liberty, claiming that he was unlawfully restrained by the defendant, Lillibridge, superintendent of the work house. The contention is that the court below erred in the admission of evidence and in its general finding in favor of and discharging the relator.

We think there was error in the admission of evidence. There is no question that evidence may be heard *de hors* the record to show the jurisdiction of the court undertaking to make the commitment, but when that jurisdiction is once established—when it appears that the court was clothed with jurisdiction—then the record of that court must determine what was done. It is not possible to determine by evidence *aliunde* what was done in a court of record for the purpose of review in another court; but if the record does not contain all the proceedings, there is a clear remedy to compel that court to make its record state the truth. If, as claimed here, there was a suspension of sentence and the docket of the mayor does not show that

suspension, mandamus would lie to compel a correction of such record, and any court having jurisdiction of such action will hear evidence to determine the truth. And if there was an *ex parte* hearing setting aside that suspension, the record ought to show that fact. Then it would be a question of error and not of habeas corpus. If the court having jurisdiction of a cause proceeds irregularly or erroneously error should be prosecuted, but the records in habeas corpus or in a collateral proceeding are binding. Courts can not consider what ought to be in a record, or what might be in a record, but only what is in a record. It was perfectly proper to introduce not only the writ of commitment, the mittimus, but it was also proper to introduce the record of the court below; and if that established jurisdiction in the tribunal trying that cause, it was not proper to introduce other evidence to show what the record ought to have contained. The record speaks for itself and imports absolute verity until it is corrected in a proper proceeding for that purpose.

We think that the record of the mayor showed that he had jurisdiction. If all that is contended for on the part of the other side is true, then it was irregularly, or erroneously exercised, and that is the most that can be said of it. That being true, the way to correct it was by a proceeding in error, and while it may be said that error would not appear upon the record as it now reads, it was his right and privilege to have it corrected in a proper proceeding so that error might be prosecuted thereto.

The judgment of the court of common pleas will be reversed and judgment entered here that should have been entered there, remanding the prisoner into the custody of the superintendent of the work house. Exceptions noted.

*A. A. George,* for plaintiff in error.

*Winn & Bassett,* for defendant in error.